No. 11,703.

HART, ET AL. *v.* MONTE VISTA BUILDING ASSOCIATION.

Decided July 5, 1927.

Proceeding to foreclose a real estate mortgage. Decree for plaintiff.

*Affirmed.*

1.  APPEAL AND ERROR—*Findings.* General findings of the trial court on conflicting evidence, will not be disturbed on review.

2.  MORTGAGES—*Quitclaim Deed—Merger.* The doctrine of merger is not a rule of property; the question of merger depends on intent. In the instant case it is held that a quitclaim deed by mortgagor to mortgagee did not merge the mortgage interest in fee, there being no such intent under the general findings of the trial court.

*Error to the District Court of Rio Grande County, Hon. J. C. Wiley, Judge.*

Mr. GEORGE M. CORLETT, for plaintiffs in error.

Mr. JESSE STEPHENSON, Mr. HERBERT W. MARTIN, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in error had a decree of foreclosure against plaintiffs in error, with a provision for execution against the defendants Hart, makers of the mortgage note, for any deficiency.

Marietta A. Hart was the owner of the mortgaged premises; she borrowed $800 of the building association, and she and Isaac Hart, her husband, gave a note and

mortgage to secure its payment. They afterwards borrowed on note and second mortgage $400 of one En Earl, since deceased, whose heirs are the other plaintiffs in error.

Being pressed for payment, Mrs. Hart, on payment to her by one Hecker of $125, gave a quitclaim deed of the mortgaged property to the association. She claims that, in consideration of this deed, the association agreed that its note was satisfied and assumed the $400 note, so that she was discharged of both debts. The court's findings were general for plaintiff on conflicting evidence, so these claims cannot be maintained here.

She further claims that upon the delivery of the quitclaim deed the mortgage interest merged in the fee and was extinct. The doctrine of merger, however, is not a rule of property; the question of merger depends upon intent *(Shreve v. Harvey,* 74 N. J. Eq. 336, 339, 70 Atl. 671; *Chase v. Van Meter,* 140 Ind. 321, 39 N. E. 455; *Collinsville National Bank v. Esau,* 74 Okl. 45, 47, 176 Pac. 514); and the court, by its general finding, has found that there was not an intent to merge. Neither can this claim, therefore, be maintained here.

Judgment affirmed.